```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RAMON MENDOZA-MALDONALDO,**

      Petitioner,

v.                                Civil Action No. 2:16-cv-5664
                                    (Criminal No. 2:06-cr-0263)

**UNITED STATES OF AMERICA,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed June 23, 2016.

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

On December 5, 2017, Magistrate Judge Eifert entered her PF&R recommending that the Section 2255 motion be denied as untimely and that the matter be dismissed and removed from the docket of this court. The court has reviewed the PF&R entered by the magistrate judge on December 7, 2017.

Petitioner, represented by counsel, made two objections to the PF&R. First, the petitioner "objects to the implication that he bears any burden of showing that this court, in imposing his original sentence in 2007, utilized the residual clause of U.S.S.G. § 4B1.2(a)(2) in determining he was a career offender." Pet'r's Obj. 1. Petitioner notes that this issue "did not have any impact on the ultimate recommendation" proposed in the PF&R. Id. at 2. Second, he objects to the magistrate judge's conclusion that his Section 2255 motion was untimely filed. Id. However, the petitioner "recognizes that this Court is currently bound by the Fourth Circuit's decision in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), to find that his petition is untimely filed." Id. Petitioner's counsel notes that he "is aware that counsel in [Brown] intend to pursue the matter to the Supreme Court if necessary." Id. Thus, the petitioner "makes [his] objection to preserve the issue for further review." Id.

With respect to the reference to United States v. Brown, the court notes that, unlike Brown, this is a post-Booker case in which the defendant sought a variance below the guideline range of 151 to 188 months. The variance was opposed by the government which recognized the then-advisory nature of the guidelines. The court considered the defendant's variance

request, but chose to adhere to the guideline range for the reasons noted at sentencing.  The defendant was sentenced to the low-end of the range at 151 months.  This case is governed by <u>Beckles v. United States</u>, 137 S.Ct. 886 (2017).

 For the foregoing reasons, it is ORDERED as follows:

1. Magistrate Judge Eifert's Proposed Findings and Recommendations be, and they hereby are, adopted and incorporated in full.

2. Petitioner's motion under 28 U.S.C. § 2255 be, and it hereby is, denied.

3. This action be, and it hereby is, dismissed with prejudice and removed from the docket of this court.

 The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and United States Magistrate Judge Cheryl A. Eifert.

       ENTER: June 19, 2018

       John T. Copenhaver, Jr.
       United States District Judge